# JANUARY 31, 1934

ERNEST ALLEN V. THE STATE.

No. 16470. Delivered January 31, 1934.
Reported in 67 S. W. (2d) 873.

The opinion states the case.

*Jno. T. Kitching,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of cattle; punishment, three years in the penitentiary.

Appellant was convicted for the theft of a calf whose butchered body was found and claimed by the state witness as his. Appellant testified that the calf belonged to him, and that he butchered it as his. He said that he had raised it, that it was given to him by a man named Stine, who testified that he had given appellant a number of calves.

In his charge to the jury no instruction was given upon the defensive theory. Appellant presented a special charge in due season, in which he sought to have the jury told as follows:

"You are instructed that if you believe from the evidence that the defendant took said animal in question, in the belief in good faith that same was his own animal, then you will acquit the defendant, although you may determine the animal did not belong to defendant.

"If upon this point you have a reasonable doubt, you will give the defendant the benefit of same and acquit the defendant, and say by your verdict not guilty."

This charge was refused. No similar charge either in substance or verbiage was given in the main charge. We are of opinion that appellant was entitled to have this theory of the case appropriately presented to the jury. Manifestly if the jury believed he butchered the animal in good faith, believing it to be his, he would not be guilty of theft.

Our attention is drawn to the fact that in the transcript and on the page thereof containing the concluding paragraph of the charge but written below the signature of the presiding judge, appears an instruction that if the jury believe from the evidence, or have a reasonable doubt thereof, that the calf in question was the property of the defendant, and that he had received the same from one John Stine, then they should acquit. We do not know whether this was a part of the charge read to the jury or not. It is not above the signature of the judge, nor is there any certificate that it was a part of the charge. Even if it should be considered as part of such main charge, we do not believe it sufficiently or adequately or properly presented the defensive theory embraced in the special charge which was requested and refused.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*